U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 27 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

| | |
|---|---|
| BRIAN AUTHEMENT, JR., Plaintiff | CIVIL ACTION NO. 1:16-CV-00151 |
| VERSUS | CHIEF JUDGE DRELL |
| MEAGAN WILKINSON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss (Docs. 25, 44) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Malcolm Smalls and Meagan Wilkinson (collectively, "Defendants"). In their Motions, Defendants contend that Plaintiff Brian Authement, Jr. ("Authement") filed his complaint more than a year after his claims accrued. Therefore, Authement's claims are prescribed and must be dismissed. Defendants argue that, although Authement filed an Administrative Remedy Procedure ("ARP"), the prescriptive period was not suspended.

In response, Authement contends that he properly pled interruption of prescription by timely submitting an ARP. Since inmate tort suits require exhaustion of administrative procedures, prescription was tolled until RCC delivered the final action, which has not taken place. Thus, Authement contends that the statute of limitations was tolled at the time suit was filed.

Defendants Motions to Dismiss (Docs. 25, 44) are now before the Court for disposition.

I. Background

Authement, proceeding *in forma pauperis*, filed this civil rights complaint pursuant to 18 U.S.C. § 1983 on February 1, 2016. (Doc. 1). Authement named as Defendants Malcolm Smalls, Meagan Hernandez, and an Unknown Lieutenant. (Doc. 1). A Motion to Amend/Correct was subsequently filed which corrected Meagan Hernandez's name to Meagan Wilkinson. (Docs. 39, 41). A second Motion to Amend/Correct was filed, amending Unknown Lieutenant to Steven McNeely. (Docs. 51, 52). A summons was subsequently issued to Steven McNeely on September 6, 2016. (Doc. 54).

Authement was incarcerated at River Correctional Center ("RCC") at the time his allegations occurred. (Doc. 1). Authement alleges that Defendants were deliberately indifferent to his medical needs by denying him medical treatment, denying him access to a medical doctor, and denying him treatment prescribed by a medical doctor. (Id.). During his time at RCC, Authement underwent two surgeries. (Id.). Following Authement's surgeries, he was transferred to Elayn Hunt Correctional Center ("EHCC") in October 2014. (Id.). He was then transferred to Dixon Correctional Center in May 2015. (Id.).

Authement completed an ARP and mailed it to EHCC in June 2015 on a Dixon form, which was denied and not forwarded to RCC. (Doc. 1, ¶2). The ARP was then mailed to RCC. That ARP has not received a response. (Id.). (Alternatively, Authement suggests that the ARP was returned by RCC sometime after June 2015.

2

"River returned the **ARP-WHY?**, which constitutes their final agency action.") (Doc. 1, ¶ 36).

On February 1, 2016, Authement filed his Complaint. (Doc. 1).

II. Law and Analysis

    A.    Standards governing the Motion to Dismiss.

A party may move for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a motion to dismiss "is viewed with disfavor and is rarely granted." Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

To survive a motion to dismiss, the pleadings must contain enough facts to state a claim to relief that is plausible on its face. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

### B.  The prescriptive period was suspended when Authement filed an ARP with RCC.

"Although state law controls the statute of limitations for 1983 claims, federal law determines when a cause of action accrues." Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992) (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987)). Authement had knowledge that he suffered an injury by the date of the second surgery, which took place in October 2014. Thus, by October 31, 2014 at the latest, the claim accrued. As noted previously, the suit was filed on February 1, 2016. Thus, by looking solely at the date of the injury and the time the suit was filed, it appears that the claim would have prescribed. The issue then becomes whether prescription was suspended at any point during that time frame.

A prisoner may not bring an action under § 1983 until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a); see also Abbot v. Babin, 587 F.App'x 116, 118 (5th Cir. 2014). Exhaustion is a mandatory prerequisite to the prisoner filing suit with respect to prison conditions, and a properly exhausted claim is one which has properly completed the administrative review process. Abbot v. Babin, 587 F.App'x 116, 118 (5th Cir. 2014).

Exhaustion occurs when the grievance has been screened and rejected for any of four reasons - one of which is that the ARP was untimely. See La. Admin. Code Tit. 22, PT. I, § 325(f)(3)(a)(viii)(c). The Louisiana Administrative Code provides to all

4

prisoners in the Louisiana prison system a procedure for filing ARP's. Id.; see La. Admin. Code Tit. 22, PT. I, § 325 (2013). One of the primary purposes for the internal exhaustion requirement is to give fair notice to prison officials of the inmate's specific complaints in order to provide "time and opportunity to address complaints internally." Johnson v. Johnson, 385 F.3d at 516 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002)). Although a prisoner shall institute the formal ARP process within the 90-day period after an incident has occurred, that requirement may be waived when circumstances warrant based on the warden's reasonable judgment in such matters. 22 La. Admin. Code Pt I, § 325; see also Abbot, 587 F'Appx at 119.

Authement filed an ARP well after the 90-day period and it is unclear from the record whether a response from RCC was ever received. Authement attempted to utilize the available administrative remedy procedure in order to get his complaints addressed. Due to Authement's ongoing medical issues, he was unable to file it within the 90 days. But as addressed in the Louisiana Administrative Code, the 90-day requirement may be waived when circumstances warrant.

Defendants suggest that Authement did not need to use the internal administrative remedy process since it would be unavailable to him if filed after 90 days. And exhaustion is not required when the remedy sought is not available. In Days v. Johnson, the court held that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." 322 F.3d 863, 867-68 (5th Cir. 2003) (overruled by implication on other grounds by Jones v. Bock,

549 U.S. 199 (2007)). The court explicitly did not hold "that an untimely grievance in and of itself would render the system unavailable, thus excusing the exhaustion requirement," since that would allow inmates to intentionally evade the exhaustion requirement by failing to comply with the prison grievance system. <u>Id.</u> at 867.

<u>Days</u> required both that the inmate have suffered some sort of physical injury that rendered him unable to complete a timely ARP, and that the grievance system to have rejected that grievance as untimely. In this case, it appears that RCC did not reject the ARP. The warden could have waived the time limit to file the ARP or rejected it as untimely, but instead took no action. The grievance system would have had to reject the ARP as untimely to render the grievance system unavailable in order to excuse the exhaustion requirement. Since the ARP does not appear to have been rejected, it has not been shown that the remedy sought was unavailable.

La. R. S. 15:1172 provides for the administrative remedy procedures available to offenders within the Louisiana Department of Corrections system, and details when prescription is suspended. Subsection (E) states: "Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure **shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered.**" (emphasis added). The provision expressly states that a prisoner's delictual actions are suspended until the final agency decision is delivered. Since RCC never delivered a decision (Doc 1, ¶2), the prescriptive period for Authement's claim was suspended.

6

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants Motions to Dismiss (Docs. 25, 44) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 27th day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge