UNITED STATES DISTRICT COURT　　　　c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIAN AUTHEMENT, JR., Plaintiff | CIVIL ACTION NO. 1:16-CV-00151; SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| MEAGAN WILKINSON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 70) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant former Lieutenant Steven McNeely ("McNeely" or "Lieutenant McNeely"). Co-defendants Malcolm Smalls ("Smalls") and Megan Wilkinson ("Wilkinson") had each previously filed a Motion to Dismiss, and McNeely adopts the reasons set forth in those motions (Docs. 25-1, 44-1), the Reply to Opposition (Doc. 31), and the Objection to Report and Recommendation (Doc. 57).

In his motion, McNeely contends that Plaintiff Brian Authement, Jr. ("Authement") filed his complaint more than a year after his claims accrued. Therefore, Authement's claims are prescribed and must be dismissed.

McNeely further argues that the initial Complaint did not name McNeely as a defendant. (Docs. 1, 53). Instead, on September 6, 2016, a Motion to Amend Caption and Amend Complaint was filed, wherein Lieutenant Unknown was changed to McNeely (Doc. 53).

Specifically, Authement alleged that on October 2, 2014, McNeely was informed that Authement needed to go to the hospital, but that Nurse Wilkinson had refused to send him. According to Authement, McNeely stated Nurse Wilkinson had told him that if Authement asked to go to the hospital, McNeely was not to send him. (Doc. 53, ¶¶ 14 and 15). McNeely argues that because the claims made by Authement were prescribed at the filing of the Complaint, and also at the time he was added as a defendant via the Amended Complaint, the claims against McNeely should be dismissed.

In response, Authement adopts the Memorandum in Opposition he filed in response to Smalls's Motion to Dismiss. (Doc. 30). Therein, he contends that he properly pled interruption of prescription by timely submitting an ARP. Since inmate tort suits require exhaustion of administrative procedures, prescription was tolled until River Correctional Center ("RCC") delivered the final action, which had not taken place. Thus, Authement contends that the statute of limitations was tolled at the time suit was filed. Furthermore, Authement additionally argues that McNeely is a joint tortfeasor, and interruption against one joint tortfeasor interrupts against all.

This Court denied Smalls's and Wilkinson's Motions to Dismiss (Doc. 82) following a Report and Recommendation (Doc. 55), finding that the prescriptive period was suspended when Authement filed an ARP with RCC. Likewise, McNeely's Motion to Dismiss should be denied.

I.  Background

Authement, proceeding *in forma pauperis*, filed this civil rights complaint pursuant to 18 U.S.C. § 1983 on February 1, 2016. (Doc. 1). Authement named as Defendants Malcolm Smalls, Meagan Hernandez, and an Unknown Lieutenant. (Doc. 1). A Motion to Amend/Correct was subsequently filed which corrected Meagan Hernandez's name to Meagan Wilkinson. (Docs. 39, 41). A second Motion to Amend/Correct was filed on September 1, 2016, amending Lieutenant Unknown to Steven McNeely. (Docs. 51, 52). A summons was subsequently issued to Steven McNeely on September 6, 2016. (Doc. 54).

Authement was incarcerated at RCC when the events underlying his allegations occurred. (Doc. 1). Authement alleges that Defendants were deliberately indifferent to his medical needs by denying him medical treatment, denying him access to a medical doctor, and denying him treatment prescribed by a medical doctor. (Id.). During his time at RCC, Authement underwent two surgeries. (Id.). Following Authement's surgeries, he was transferred to Elayn Hunt Correctional Center ("EHCC") in October 2014. (Id.). He was then transferred to Dixon Correctional Center in May 2015. (Id.).

Authement completed an ARP and mailed it to EHCC in June 2015 on a Dixon form, which was denied and not forwarded to RCC. (Doc. 1, ¶2). The ARP was then mailed to RCC. That ARP has not received a response. (Id.). (Alternatively, Authement suggests that the ARP was returned by RCC sometime after June 2015.

3

"River returned the **ARP-WHY?**, which constitutes their final agency action.") (Doc. 1, ¶ 36).

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss.

A party may move for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a motion to dismiss "is viewed with disfavor and is rarely granted." Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

To survive a motion to dismiss, the pleadings must contain enough facts to state a claim to relief that is plausible on its face. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

### B. The prescriptive period was suspended when Authement filed an ARP with RCC.

"Although state law controls the statute of limitations for 1983 claims, federal law determines when a cause of action accrues." Rodriguez v. Holmes, 963

F.2d 799, 803 (5th Cir. 1992) (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987)). Authement had knowledge that he suffered an injury by the date of the second surgery, which took place in October 2014. Thus, by October 31, 2014 at the latest, the claim accrued. As noted previously, the suit was filed on February 1, 2016. Thus, by looking solely at the date of the injury and the time the suit was filed, it appears that the claim would have prescribed. The issue then becomes whether prescription was tolled at any point during that time frame.

A prisoner may not bring an action under § 1983 until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a); see also Abbot v. Babin, 587 F.App'x 116, 118 (5th Cir. 2014). Exhaustion is a mandatory prerequisite to a prisoner filing suit with respect to prison conditions, and a properly exhausted claim is one which has properly completed the administrative review process. Abbot v. Babin, 587 F.App'x 116, 118 (5th Cir. 2014).

Exhaustion occurs when the grievance has been screened and rejected for any of four reasons - one of which is that the ARP was untimely. See La. Admin. Code Tit. 22, PT. I, § 325(f)(3)(a)(viii)(c). The Louisiana Administrative Code provides to all prisoners in the Louisiana prison system a procedure for filing ARPs. Id.; see La. Admin. Code Tit. 22, PT. I, § 325 (2013). One of the primary purposes for the internal exhaustion requirement is to give fair notice to prison officials of the

5

inmate's specific complaints in order to provide "time and opportunity to address complaints internally." Johnson v. Johnson, 385 F.3d at 516 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002)). Although a prisoner must institute the formal ARP process within 90 days of an incident, that requirement may be waived when circumstances warrant based on the warden's reasonable judgment in such matters. 22 La. Admin. Code Pt I, § 325; see also Abbot, 587 F.App'x at 119.

Authement filed an ARP well after the 90-day period, and it is unclear from the record whether a response from RCC was ever received. Authement attempted to utilize the available administrative remedy procedure to get his complaints addressed. Due to Authement's ongoing medical issues, he was unable to file it within the 90 days. But as addressed in the Louisiana Administrative Code, the 90-day requirement may be waived when circumstances warrant.

Defendants suggest that Authement did not need to use the internal administrative remedy process since it would be unavailable to him if filed after 90 days. And exhaustion is not required when the remedy sought is not available. In Days v. Johnson, the court held that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." 322 F.3d 863, 867-68 (5th Cir. 2003) (overruled by implication on other grounds by Jones v. Bock, 549 U.S. 199 (2007)). The court explicitly did not hold "that an untimely grievance in and of itself would render the system unavailable, thus

6

excusing the exhaustion requirement," since that would allow inmates to intentionally evade the exhaustion requirement by failing to comply with the prison grievance system. Id. at 867.

Days required both that the inmate have suffered some sort of physical injury that rendered him unable to complete a timely ARP, and that the grievance system rejected that grievance as untimely. In this case, it appears that RCC did not reject the ARP. The warden could have waived the time limit to file the ARP or rejected it as untimely, but instead took no action. The grievance system would have had to reject the ARP as untimely to render the grievance system unavailable in order to excuse the exhaustion requirement. Since the ARP does not appear to have been rejected, it has not been shown that the remedy sought was unavailable.

La. R. S. 15:1172 provides for the administrative remedy procedures available to offenders within the Louisiana Department of Corrections system, and details when prescription is suspended. Subsection (E) states: "Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure **shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered.**" (emphasis added). The provision expressly states that a prisoner's delictual actions are suspended until the final agency decision is delivered. Since RCC never delivered a decision (Doc 1, ¶2), the prescriptive period for Authement's claim was

7

suspended. Thus, from the time the claim accrued to the time he filed his original complaint, Authement's complaint was not prescribed.

### C. Federal Rule of Civil Procedure 15(c) does not allow relation back.

Next, the Court must determine whether the claim prescribed from the time the claim accrued to the time McNeely was named in the Amended Complaint. (Doc. 53).

As noted previously, the claims accrued by October 31, 2014. And Authement's ARP was mailed to RCC sometime in June 2015, at which point the prescriptive period was suspended. Even by using the earliest date in June, at a minimum, 213 days had passed.

Authement filed his Complaint on February 1, 2016. A Motion to Amend/Correct Complaint was filed September 1, 2016, and the order was granted on September 6, 2016. (Docs. 51, 53). That motion simply amended the caption and complaint to change Lieutenant Unknown to Lieutenant Steven McNeely. 213 days had passed between the filing of the original Complaint and Amended Complaint. Adding together the time before Authement filed his ARP and the time between Authement filing his original and amended Complaints, 426 days had passed.

State law controls the statute of limitations for 1983 claims. Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Therefore, Authement's § 1983 claim is governed by Louisiana's statute of limitations provision for tort claims, which is one year. Armstrong v. Serpas, 640 F.App'x 851, 852 (5th Cir. 2016). Thus the claim against McNeely would be time barred, unless it "relates back" to the original filing

8

of the complaint, under Federal Rule of Civil Procedure 15(c). The Fifth Circuit has held that "an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)." <u>Whitt v. Stephens County</u>, 529 F.3d 278, 283 (5th Cir. 2008) (citing <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 320-21 (5th Cir. 1998) (reasoning that "rule 15(c) requires a 'mistake concerning the identity of the proper party' and that use of a John Doe moniker does not constitute a 'mistake'").

Authement did not properly identify Lieutenant McNeely. Instead, he simply used a "John Doe" type moniker. Therefore, in this case, Fed. R. Civ. P. 15(c) does not allow relation back to the filing of the original complaint. After subtracting the time when the prescriptive period was tolled, a total of 426 days passed between the date Authement's claim accrued and the time he filed the Amended Complaint changing Lieutenant Unknown to Lieutenant Steven McNeely. Therefore, the claims against McNeely would be prescribed, unless McNeely is a joint tortfeasor.

> D. <u>Authement's allegations treat Defendants as joint tortfeasors; the timely filing of Authement's original complaint against Wilkinson and Smalls interrupts prescription of Authement's claims against McNeely.</u>

Authement alleges that McNeely was a joint tortfeasor, and argues that interruption against one joint tortfeasor interrupts against all, pursuant to Louisiana Civil Code article 2324.

Defendant notes that the only allegations against McNeely are found in paragraphs 14 and 15 of the complaint. Those allegations state that after Sergeant Simpson had escorted Brian Authement back to his dorm, Simpson approached the night Sergeant. The night Sergeant then went to his rank, Lieutenant McNeely,

9

and informed him that Authement needed to go to the hospital, but Nurse Wilkinson refused to send him. McNeely then informed Authement that Wilkinson told McNeely if Authement asked to go to the hospital, McNeely was not to send him. Defendant asserts there are no allegations that McNeely was ever informed of any illness or the medical need for hospitalization. Instead, the only allegations made were that McNeely had been instructed by Nurse Wilkinson that Authement was not to go to the hospital if he asked, and he followed her instructions. Defendant argues that McNeely was not alleged to be a joint tortfeasor in the Amended Complaint. Instead, it was only alleged that he followed the specific instruction of the nurse charged with Authement's care.

While neither the original nor Amended Complaint explicitly state that McNeely, Wilkinson, and Smalls are joint tortfeasors, the allegations treat Defendants as joint tortfeasors. "Under Louisiana law, joint and several liability may be imposed on 'persons whose separate wrongful actions, not done in concert, contribute in unknown proportions . . . to cause indivisible injury.'" Ford v. Murphy Oil U.S.A., Inc., 750 F.Supp. 766, 772 (5th Cir. 1990) (quoting Thompson v. Johns-Manville Sales Corp., 714 F.2d 581, 582 (5th Cir. 1983). "Defendants are deemed joint tortfeasors even though their concurrent negligence results from different acts or breaches of different obligations." Pastor v. Foti, No. CIV.A.00-2213, 2002 WL 550983, at *2 (E.D. La. Apr. 11, 2002) (citing Duplechain v. Clausing Machine Tools, 420 So.2d 720, 722 (La.App. 4th Cir. 1982).

La.C.Civ.P. art. 2324(c) states that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." If McNeely is determined to be a joint tortfeasor, then Authement does not need to rely upon relation back under Fed. R. Civ. P. 15(c) for his claim against McNeely to be timely. See Sanchez v. Tangipahoa Parish Sheriff's Office, Civ. No. 08-1227, 2010 WL 1729381, at *2 (E.D. La. Apr. 22, 2010). However, if McNeely is later determined not to be a joint tortfeasor, prescription will not be interrupted as to him, since no joint or solidary obligation exists. See id. Similarly, prescription will not be interrupted as to Authement's claims against McNeely if it is later determined that the defendants timely sued have no liability. Id.

As noted above, Authement's claim was not prescribed when he filed suit. And the allegations treat Defendants as joint tortfeasors. Thus, the timely filing of Authement's original complaint against Wilkinson and Smalls interrupts prescription of Authement's claims against McNeely.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendant Steven McNeely's Motion to Dismiss (Doc. 70) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No

other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of July, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge