UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

BRIAN AUTHEMENT, JR.,    CIVIL ACTION NO. 1:16-CV-00151
Plaintiff

VERSUS    CHIEF JUDGE DRELL

MEAGAN WILKINSON, ET AL.,    MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration filed by Plaintiff Brian Authement, Jr. ("Authement"). (Doc. 94). The motion pertains to this Court's orders (Docs. 91, 93) denying a motion to reset deadlines, denying leave to take the deposition of Sheriff Kenneth Hedrick ("Sheriff Hedrick"), and denying leave to amend the complaint to add Sheriff Hedrick as a defendant. Defendants oppose the motion. (Doc. 96). Authement did not file a reply.

In his Motion for Reconsideration, Authement rehashes many of the same arguments made in his original motions. As stated in the Memorandum Order (Doc. 93) denying Authement's Motion for Leave to File Second Amended Complaint and Second Motion to Reset Deadlines (Docs. 75, 78), the general rule is that leave to amend pleadings should be freely granted when justice requires. Fed. R. Civ. P. 15(a)(2). However, in this instance, Fed. R. Civ. P. 16(b) governs the amendment of pleadings, as a scheduling order had already been issued. See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). Since Authement's request came after the scheduling order's deadline for amending

pleadings, Authement was required to show good cause as to why his request should be granted. Barnes v. Madison, 79 F. App'x. 691, 698 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (providing that a scheduling order "shall not be modified except upon a showing of good cause")). Therefore, Authement first has to show good cause before the general rule found in Fed. R. Civ. P. 15(a) could be applied.

In order to meet the good cause standard, a party must show that the deadlines could not have reasonably been met, despite the diligence of the party requesting the extension. Texas Indigenous Council v. Simpkins, 544 F. App'x. 418, 420 (5th Cir. 2013). The four relevant factors are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id.

The deadline for amending pleadings was July 1, 2016. (Docs. 36, 37). However, Authement filed a Motion to Amend to name the Sheriff of Concordia Parish as defendant on January 15, 2017. (Doc. 74).[1] As the deadline to file amended pleadings had passed, Authement was required to show good cause as to why his request to amend pleadings after that deadline should be granted. He failed to do so.

In his Motion for Reconsideration, Authement notes that there was only a seven-day difference between the time he filed the first Motion to Amend on January

---

[1] The motion filed on January 15, 2017 named Sheriff Randy Maxwell. On January 23, 2017, Authement filed a Motion to Strike that Motion to Amend (Doc. 77), in order to file a corrected Motion for Leave to File a Second Amended Complaint (Doc. 78), naming Sheriff Hedrick, the correct Sheriff of Concordia Parish. Both motions were filed well past the deadline of July 1, 2016 to file amended pleadings.

2

15, 2017, and the corrected Motion to Amend filed on January 23, 2017. However, the real issue is the 198-day difference between the deadline to amend pleadings on July 1, 2016, and the attempt to add the Sheriff to the case on January 15, 2017. Authement still has not shown why it took more than six months beyond the deadline to amend pleadings to include Sheriff Hedrick, or for that matter, any sheriff.

Authement further asserts that he did not have sufficient time to depose Sheriff Hedrick, and that the Court erred in denying the extensions of the discovery deadlines. Specifically, he contends that the Plan of Work deadlines were far too ambitious, considering the problems Authement had obtaining the correct names of Defendants and serving them, as well as problems caused by flooding in the Baton Rouge area in August 2016.

Although Authement asserts that "[o]n January 3, 2017, the parties filed a joint motion to reset deadlines, which was not adequate and only provided a couple of weeks to take depositions" (Doc. 94, p. 2), the Court notes that no joint motion to reset deadlines was filed on January 3, 2017, much less in the entire month of January. The only motion to extend deadlines was filed on January 15, 2017, and that motion was opposed by Defendants. (See docs. 75, 86). That motion was denied, which led to Authement filing this Motion for Reconsideration. (Doc. 93). However, the parties did file a joint motion to reset deadlines on December 13, 2016. The motion was granted on December 14, 2016. (Docs. 67, 68). That order extended the discovery deadline to January 31, 2017, from the original deadline of October 3, 2016. (See doc. 37). Thus, despite Authement's assertions to the contrary, from the time the joint

3

motion was filed and granted in mid-December, Authement had an additional 48 days to take the depositions, as opposed to just a "couple of weeks." And in any event, the parties — including Authement — selected the initial and extended deadlines, not the Court.

As detailed in this Court's April 4, 2017 Memorandum Order, Authement had been provided documents in the initial disclosures which showed that Sheriff Hedrick was the Sheriff of Concordia Parish during the dates of Authement's incarceration. Authement also had documents regarding his treatment at both Concordia Parish Correctional Facility and River Correctional Center. Furthermore, whether Authement had seen a medical professional while housed at River Correctional Center was within the scope of Authement's personal knowledge.[2] Therefore, it should not have taken more than six months beyond the deadline to seek discovery or amend pleadings to include Sheriff Hedrick. Adding a new defendant and extending the deadlines would have caused Defendants prejudice, as substantial additional discovery would be necessary. Further, amendment would have caused Defendants to incur added expense and hardship, and would have significantly

---

[2] Authement argues that he could not have known why Nurse Wilkinson stopped seeing him or failed to administer antibiotics. Authement asserts that it was not discovered until Nurse Wilkinson's deposition was taken that she was on leave and that there were no healthcare providers assigned to fill in for her. Authement states that "[t]he very day those depositions were taken, the leave to amend was filed to add the Sheriff. The claim against Sheriff Hedrick could not have been added sooner, because Mr. Authement did not know that Nurse Wilkinson was out until her deposition was taken." (Doc. 94, p. 4). However, Authement attaches as an exhibit the deposition of Nurse Wilkinson, which clearly shows it was taken January 23, 2017. (Doc. 94-3). The Motion to Amend naming the Sheriff of Concordia Parish was filed on January 15, 2017, before the deposition occurred. (Doc. 74). The corrected motion to amend filed on January 23, 2017, simply changed the Sheriff's name, not the claims. (Doc. 78). Therefore, Authement is clearly incorrect to say that the deposition of Nurse Wilkinson, taken on January 23, 2017, caused him to file a motion to name the Sheriff of Concordia Parish as a defendant on January 15, 2017.

4

delayed the pretrial conference and trial date. Authement has failed to show good cause, either in his original motions or in the Motion for Reconsideration, to amend the pleadings to add the Sheriff of Concordia Parish, to depose Sheriff Hedrick, and to reset deadlines.

Accordingly, IT IS ORDERED that Motion for Reconsideration (Doc. 94) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of July, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge